IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYNTHIA DENISE JONES,
    Petitioner,

vs.                                        Case No.: 1:15cv33/WS/EMT

MARGUERITE J. MORGAN,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1). She also filed a motion to proceed in forma pauperis (doc. 4), which will be granted.

        The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that the petition should be dismissed without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

        Petitioner's allegations are not entirely clear.  It appears she is in custody pursuant to an order of the Circuit Court in and for Alachua County, Florida, Case No. 2007-CF-1780 (*see* doc. 1). The online public docket in that case indicates that Petitioner was originally charged on May 18, 2007, with one count of aggravated battery with a deadly weapon and one count of carrying a concealed weapon (electric weapon or device).[1]  *See* https://www.alachuaclerk.org (follow "Public

---

        [1] The court takes judicial notice of information available on the database maintained by the Alachua County Clerk of Court, viewed March 19, 2015.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial

Record, Court Records & Recording" hyperlink; then follow "Court Records" hyperlink; then follow "Begin your Court Records Search" hyperlink; then follow "Case/Name Information" hyperlink; then search Case Number 01-2007-CF-1780; then follow "01 2007 CR 001780 A" hyperlink).  On August 30, 2007, the state court adjudicated Petitioner incompetent to proceed and committed her to the custody of the Florida Department of Children and Families ("DCF").  *See id.*  The state court found her competent to proceed on September 22, 2009.  *See id.*  Petitioner waived her right to a jury trial, and on October 9, 2009, the court adjudicated her not guilty by reason of insanity.  *See id.*  On October 13, 2009, the court ordered her committed to DCF.  *See id.*  The court issued orders continuing Petitioner's involuntary commitment on May 3, 2010, April 6, 2011, April 11, 2012, September 21, 2012, March 22, 2013, and April 14, 2014.  *See id.*  On June 9, 2014, the court placed Petitioner on conditional release.  *See id.*  On January 22, 2015, the state court again adjudicated Petitioner incompetent to proceed and recommitted her to the custody of DCF.  *See id.*

In the instant habeas petition, Petitioner alleges she was charged with violating her conditional release ("VOCR") (doc. 1 at 2).  She alleges her medical treatment provider lied by stating that she failed to take her medication (*id.*).  She is presently confined at Florida State Hospital (*see* doc. 1 at 6; doc. 4).  She alleges the state court judge refused to set bond and would not give her a fair trial (*id.* at 5).  As relief, Petitioner seeks release from confinement and dismissal of the VOCR charge (*id.*).

It plainly appears on the face of the petition that Petitioner is not entitled to habeas relief in this court; therefore, the petition should be dismissed.  Pursuant to Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L. Ed. 2d 688 (1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of:  (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised.  Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53–54).  Subsequent

---

notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

Case No.: 1:15cv33/WS/EMT

decisions have refined Younger to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See* Trainor v. Hernandez, 431 U.S. 434, 447, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 43 L. Ed. 2d 482 (1975); The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1507–09 (11th Cir. 1991); Redner v. Citrus Cnty., 919 F.2d 646, 650 (11th Cir. 1990).

Furthermore, irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See* Kugler v. Helfant, 421 U.S. 117, 123–25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975) (citing Younger, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. Younger, 401 U.S. at 53–54 (citing Watson v. Buck, 313 U.S. 387, 402, 61 S. Ct. 962, 85 L. Ed. 1416 (1941)). The Eleventh Circuit has emphasized the narrowness of the irreparable injury exception to the Younger doctrine. *See, e.g.*, Butler v. Ala. Inquiry Comm'n, 245 F.3d 1257, 1265 (11th Cir. 2001) ("Also, while we today make no decision about the constitutionality of Alabama's judicial canons, we doubt that Canon 7(B)(2) patently or fragrantly violates the Constitution 'in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'") (citation omitted); Kolski v. Watkins, 544 F.2d 762, 766 (5th Cir. 1977) ("The statute in this case, challenged as facially unconstitutional by the Petitioner, is certainly of questionable validity. But we certainly cannot say at this stage that this statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.' As in Younger, 'the possible unconstitutionality of a statute "on its face" does not in itself justify an injunction against good-faith attempts to enforce it . . . '") (citations omitted).[2]

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 1:15cv33/WS/EMT

In the instant case, Petitioner does not allege that her prosecution for violating the conditions of her conditional release was brought to harass her or otherwise motivated by bad faith. Furthermore, Petitioner has failed to show that she is entitled to review under the "irreparable injury" exception. For example, she does not allege that the criminal statutes under which she is being prosecuted are "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Moreover, an adequate alternative state forum exists for Petitioner to raise her claims, namely, an appeal—or certiorari review—of the order recommitting her to the custody of the DCF. *See* Furqan v. State, 91 So. 3d 913, 915 & n.1 (Fla. 2d DCA 2012).

For the aforementioned reasons, this court should abstain from assuming jurisdiction over Petitioner's claims.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (doc. 4) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (doc. 1) be **DISMISSED** without prejudice on the ground that the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) applies.

At Pensacola, Florida, this 20th day of March 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 1:15cv33/WS/EMT